Filed 8/29/16  P. v. Bakirov CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ERIK BAKIROV,<br><br>        Defendant and Appellant. | B268815<br><br>(Los Angeles County<br>Super. Ct. No. GA095822) |

THE COURT:[*]

Defendant Erik Bakirov appeals from the judgment entered following a jury trial that resulted in his conviction of second degree robbery (Pen. Code, § 211).[1]  He was sentenced to prison to the three-year middle term.

At trial, the evidence established:  On January 14, 2015, Norik Alaverdyan played poker for several hours at the Bicycle Club Casino in Bell Gardens.  Afterward, he cashed out his winnings in the amount of about $500, which he placed in a jacket pocket.  About midnight, he drove off to his home in Glendale.  After he parked his car and exited, defendant approached and demanded his money.  Before Alaverdyan could

---

[*]        BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

[1]        All further section references are to the Penal Code.

respond, defendant struck him in his mouth with his fist, causing him to fall to the ground. Defendant then kicked Alaverdyan and tore off his jacket, which he took with him, as he drove off in a dark-colored "S.U.V." Alaverdyan recognized defendant as someone who had played poker at his table earlier in the evening. He identified defendant from a photographic lineup and at trial. The relevant casino videotape excerpts, which were played to the jury, revealed the following: Defendant, who was sitting next to Alaverdyan, got up and walked away after Alaverdyan won a hand of cards; he was standing near the table when Alaverdyan got up to leave a while later; and a dark S.U.V. left the casino parking lot and travelled in the same direction as Alaverdyan's car at about the same time. The owner of the S.U.V., which he used for Uber services, identified defendant as the driver of that car in January 2015.

We appointed counsel to represent defendant on this appeal. After examining the record, counsel filed an "Opening Brief" in which she advised the court that no arguable issues could be raised on defendant's behalf.

On May 16, 2016, we advised defendant he had 30 days within which to submit personally any contentions or issues he desired us to consider. We have not received a response from defendant.

We have examined the entire record and are satisfied defendant's attorney has complied fully with her responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

2